SCHOTT, Judge.
This is a revocatory action with respect to a sale by defendant Hoover to defendant Dodt of an undivided half interest in the property at 736-738 Frenchman Street in New Orleans on April 4, 1973.
As can be seen from our opinion in proceedings No. 6423, 313 So.2d 358, decided on this date, plaintiff had sued defendant Hoover on a promissory note and defendant Dodt on the theory that he had been unjustly enriched because plaintiff’s funds were used to improve the property at 736-738 Frenchman Street owned by Dodt. In connection with the filing of that suit a notice of lis pendens with respect to the property was recorded by plaintiff in the Conyeyance Records of the Parish of Orleans on July 10, 1972. On April 4, 1973, a cash sale was made by defendant Hoover to defendant Dodt of an undivided interest in the property and it is on the basis of the recorded lis pendens as well as the theory that the sale was made in fraud of her rights that the attack on the sale of April 4,1973, is made by plaintiff.
The trial judge maintained defendants’ plea of estoppel and dismissed plaintiff’s petition. She has appealed from that judgment.
At the trial of the case the entire record of the proceedings in our No. 6423 was offered in evidence and on that basis that the trial judge held that plaintiff was judicially estopped from attacking the sale from Hoover to Dodt. As can be seen from our opinion in No. 6423 plaintiff recovered a judgment against Dodt for $8,800 plus interest and costs on the theory that Dodt was the owner of that property. Plaintiff had originally alleged this to be so, and while defendant Dodt denied that allegation in his answer at the trial Dodt admit *366 ted that this was his property and judicially confessed to owing whatever plaintiff could show was expended. Hence, the judgment against him in No. 6423 and hence the fact that Dodt did not appeal from that judgment. During the trial of this case it was shown that Dodt paid the No. 6423 judgment to plaintiff in full.
It is a fact that on April 30, 1971, Dodt sold a half interest in the subject property to Hoover along with a half interest in two other properties for $7,000 all credit. Based on the testimony of the parties, the trial judge concluded that Dodt remained the owner of the property providing the basis for the judgment in plaintiff’s favor against Dodt. It follows that the sale of April 4, 1973, by Hoover to Dodt was not a sale at all but simply a device to put the title in Dodt’s name on the public records.
Plaintiff who has harvested the fruits of her own proof that Dodt was the owner of this property is surely estopped from now seeking to set aside the technical transfer of ownership to Dodt. Furthermore, the action authorized by LSA-C.C. Art. 1970 et seq. presupposes a contract in fraud of plaintiff’s rights. There was hardly a fraud of plaintiff’s rights here since she wielded the judicial anvil establishing the contract she now seeks to revoke.
Plaintiff’s primary objection is procedural. She maintains that the plea of es-toppel cannot be raised by an exception but must be pleaded as an affirmative defense and disposed of on a trial of the merits. We cannot conceive of any evidence, nor has there been any suggested to us which would change the outcome of this case, so that a remand of this case for trial on the merits would not serve the interests of justice. Furthermore, it is abundantly clear that plaintiff has no cause of action for a revocation of the sale under the circumstances, and pursuant to LSA-C.C.P. Art. 927 we notice this deficiency in plaintiff’s suit on our own motion.
The judgment appealed from is affirmed. Plaintiff is to pay the costs of this appeal.
Affirmed.